UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA AHRENS, individually and as TRUSTEE OF PATRICIA AHRENS REVOCABLE LIVING TRUST dated April 4, 2007,<br><br>      Plaintiff,<br>  v.<br><br>SWINBURNE & JACKSON LLP,<br><br>      Defendant-Third Party<br>      Plaintiff-Debtor,<br>  v.<br><br>NICHOLAS WAYNE BORUSIEWICH and BORSUIEWICH & COLE PC,<br><br>      Third Party Defendants-<br>      Debtors,<br><br>CAMICO MUTUAL INSURANCE CO.,<br><br>      Garnishee. | )<br>)<br>)<br>)<br>)<br>)<br>)    No. 4:15-CV-130-JAR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: Plaintiff's Motion to Amend Complaint (Doc. No. 64); Plaintiff's Motion to Compel (Doc. No. 70); Garnishee CAMICO Mutual Insurance Company's ("CAMICO") Motion for Protective Order (Doc. No. 73); Movant Missouri Department of Labor's Motion to Quash Subpoena (Doc. No. 87); and, CAMICO's Motion to Compel (Doc. No. 88). Additionally, during the Court's recent telephone conference with the parties, Defendant orally moved for an extension of some of the deadlines in the Court's Second Amended Case Management Order (Doc. No. 106). For the reasons stated

herein, and pursuant to the conference held on May 11, 2016, the Court will address these motions as follows.

First, with regard to Plaintiff's Motion to Amend Complaint (Doc. No. 64), the Court is aware, and the parties also acknowledge, that the issues presented are likely to be directly impacted by the Missouri Supreme Court's consideration of <u>Allen v. Bryers, No. WD 77905, 2015 WL 5439944 (Mo. Ct. App. Sept. 15, 2015)</u>, <u>reh'g granted sub nom. Allen v. Atain Specialty Ins. Co.</u>, No. SC 95358.  The Missouri Supreme Court heard argument in that case on May 4, 2016, and it has been submitted for decision.  Therefore, the Court will stay Plaintiff's motion until such time as the Missouri Supreme Court enters a decision.

Next, the parties have been instructed to meet and confer regarding outstanding discovery disputes, including those raised in Plaintiff's Motion to Compel (Doc. No. 70), CAMICO's Motion for Protective Order (Doc. No. 73), and CAMICO's Motion to Compel (Doc. No. 88). Therefore, the Court will deny without prejudice those motions.

The Court will grant Movant Missouri Department of Labor's Motion to Quash Subpoena (Doc. No. 87).  The subpoena in question seeks records from the Missouri Department of Labor, namely wage and contribution forms filed by Borusiewich & Co., P.C., and Borusiewich & Cole, P.C., from 2003 to the present.  These records are generally privileged under federal law and, pursuant to federal regulation, may not be disclosed to a third party by use of subpoena.  <u>See</u> 20 CFR Part 603.  Very limited exceptions are available with regard to this privilege; specifically, a relevant exception exists only if "a court has previously issued a binding precedential decision that requires disclosure of this type, or a well-established pattern of prior court decisions have required disclosures of this type[.]"  20 CFR Part 603.7(b)(1). CAMICO's response to the motion to quash failed to proffer the sort of decision or decisions

-2-

that might qualify the instant matter for the regulatory exception.  CAMICO cited a single case, from the District of Maine, in support of its position that the regulatory privilege should not apply.  Even assuming that the case supports CAMICO's argument—which the Court does not necessarily find—a single case from another district court is neither binding precedent on this Court, nor does it constitute an established pattern of prior court decisions.  The Court determines that regulatory privilege applies to the requested documents, and the exception contemplated in 20 CFR Part 603.7(b)(1) is not applicable.  This is particularly true in a situation like this one, where the information sought is otherwise readily available.  Thus, the motion to quash the subpoena will be granted.

Finally, the Court will grant limited modifications to the case deadlines.  The dates for mediation referral and completion set forth in the case management order will be vacated, as will the deadline for dispositive motions.  These deadlines will be rescheduled following the completion of discovery.  However, the deadline for completing discovery set forth in the case management order shall remain in place, subject to the Court's reconsideration upon a future motion by either party.

## Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. No. 64) is **STAYED** until such time as the Missouri Supreme Court issues its decision in Allen v. Bryers, No. WD 77905, 2015 WL 5439944 (Mo. Ct. App. Sept. 15, 2015), reh'g granted sub nom. Allen v. Atain Specialty Ins. Co., No. SC 95358.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. No. 70), CAMICO's Motion for Protective Order (Doc. No. 73), and CAMICO's Motion to Compel

(Doc. No. 88) are **DENIED without prejudice**, subject to the parties' upcoming meet and confer on discovery issues.

      **IT IS FURTHER ORDERED** that Movant Missouri Department of Labor's Motion to Quash Subpoena (Doc. No. 87) is **GRANTED**.

      **IT IS FINALLY ORDERED** that the Court's Second Amended Case Management Order (Doc. No. 106) is amended as follows: the dates for mediation referral and completion, and the deadline for dispositive motions, are **VACATED**, to be reset at a future time.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2016.