THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA AHRENS, etc., et al. ) | |
| ) | |
| Plaintiff-Garnishor ) | |
| ) | |
| vs. ) | No. 4:15-cv-00130 |
| ) | |
| CAMICO MUTUAL INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Garnishee ) | |

**PLAINTIFF'S POSITION REGARDING DISCOVERY ISSUES**

**I.  Introduction**

The Court ruled a year ago that CAMICO would be allowed to pursue discovery relevant to its affirmative defense of "fraud and collusion."  Since then the Court made it equally clear that CAMICO would not be permitted to retry the state court case that gave rise to this garnishment proceeding.  CAMICO continues to pay lip service to that admonition and yet engage in a fishing expedition designed to challenge factual findings—that Mr. Borusiewich was employed by CAMICO'S insured accounting firm, Borusiewich & Cole PC, at the time of his professional negligence; that the firm benefited from his work; that the settlement agreement which led to this proceeding was negotiated in good faith and without fraud—necessarily resolved by the state court.

CAMICO has provided Mrs. Ahrens, the accountants Gregg Cole and Nick Borusiewich, and their attorneys with a list of topics it intends to pursue in the depositions of each of them. Ex. A, B, C. D. E, F.  Several topics proposed for Mrs.

Ahrens, Mr. Cole, and Mr. Borusiewich can have no purpose but to support the retrial of those fact questions.  The Court should restrict the scope of those three depositions, setting a limit to the fishing expedition that CAMICO never will set for itself.

## II.  Objectionable Deposition Topics

Mrs. Ahrens objects to the following topics for the deposition of Nicholas Borusiewich:  3(g)-(h), 4, 9-10, 12-15, 17-19, and 24.  For the deposition of Gregg Cole: 3(g)-(h), 9-12, and 17-20.  For the deposition of Mrs. Ahrens:  3—7.  The focus of those topics is the relationship between Mr. Borusiewich and the Borusiewich & Cole accounting firm and accounting work Mr. Borusiewich performed for Mrs. Ahrens.  Mrs. Ahrens has no anticipatory objection to the depositions of counsel for Mr. Borusiewich, Mr. Cole and the firm of Borusiewich & Cole, or herself.

## III.  Mrs. Ahrens' Position

The  challenged topics serve CAMICO'S pursuit of precisely what the Court has said it will not countenance:  retrial of issues that the state trial court found it necessary to resolve on the basis of evidence presented in that case.  That court found that Mr. Borusiewich was employed by Borusiewich & Cole and that the firm received specific benefits from that work.  Those findings were based on ample evidence.  CAMICO never has suggested otherwise.  That CAMICO's attorneys might have presented different or additional evidence supporting an alternative finding does not matter: under Missouri law, an insurance company that refuses to defend its insured forfeits that opportunity and, if coverage existed, is bound to pay the judgment that ensues.  *Whitehead v. Lakeside Hospital Association,* 844 S.W.2d 475, 480-81 (Mo.App.W.D. 1992).

The scope of discovery under Rule 26 never was unlimited.  The threshold requirement for discoverability is whether the information sought is "relevant to the subject matter involved in the pending action." *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1326 (8th Cir. 1986). Relevance for discovery is broader than for admissibility, but "this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Ariel Preferred Retail Group LLC v. CW Capital Asset Management,* No. 4:10-cv-623,  2012 WL 1620506 at *3 (E.D. Mo. May 9, 2012).  And the 2015 amendment of Rule 26, re-emphasizing the importance of proportionality as a discovery-limiting factor, was intended to curtail discovery excesses and encourage courts to enforce sensible limits for litigants disinclined to limit themselves.

CAMICO incants"fraud and collusion" as the justification for an unrelenting discovery quest that ultimately has no purpose save to retry factual issues already resolved in the case it chose to ignore.  The company has obtained all communications between counsel in the state court proceeding.  There is no evidence of secret agreements or side deals, which is consistent with the state court's finding that the parties' settlement was legitimate and free of collusion. The affidavits of counsel who participated in the third-party action are attached to this paper. Ex. G, H, I.  Those attorneys reiterate:  what we did and what we got is what you see—which is also what the state trial court saw.

So when does CAMICO have to stop? The sum total of "fraud" or "collusion" evidence it can point to is (1) when Mr. Borusiewich sold his interest in Borusiewich & Cole and became the firm's contract employee, he retained certain clients including Mrs. Ahrens' *corporation*; (2) Mr. Cole's recollection in 2013 that Mrs. Ahrens was

3

"adamant" that only Mr. Borusiewich could *perform* her accounting work; and (3) Mrs. Ahrens paid Borusiewich & Company for that work.  Resp. to Borusiewich Mot. Quash at 2-3.  Mr. Borusiewich's negligence had nothing to do with Mrs. Ahrens' corporate work.  Assuming that Mrs. Ahrens insisted that a particular accountant do all of her work, exactly what makes her belief that he was working for the firm fraudulent?  Finally, the evidence before the state trial court established other specific and significant benefit that Borusiewich & Cole received on account of Mr. Borusiewich's work for Mrs. Ahrens.

  Meanwhile CAMICO has obtained a letter from Mr. Borusiewich's former counsel stating that he was employed by Borusiewich & Cole when he provided the relevant services to Mrs. Ahrens.  Ex. J. It has obtained tax returns prepared by Mr. Borusiewich for Mrs. Ahrens indicating that the preparer was the Borusiewich & Cole firm.  Ex. K.  It is of course aware of its own correspondence, sent after the defense of Swinburne & Jackson's claim had been tendered to the company, denying coverage, refusing to provide a defense, but acknowledging that Mr. Borusiewich was a contract employee of Borusiewich & Cole at the relevant time.  Ex. L.

  CAMICO could have adduced evidence supporting its position if it had chosen to provide a defense for its insureds.  The Missouri Supreme Court has declared that the "second bite of the apple" it now seeks is forbidden.  *Schmitz v. Great American Assurance Co.,* 337 S.W.3d 700, 709-10 (Mo. 2011).  Further, CAMICO would have been offering Mr. Borusiewich's memory of facts as proof of a legal proposition—*i.e.,* whether he was employed by Borusiewich & Cole  at a particular time *within the*

4

*contemplation of an insurance policy provision*—and that in any event Mr. Borusiewich's recollection would have been overwhelmed by evidence to the contrary.

Under Missouri law an insurance carrier that declined the opportunity to defend its insured is precluded from relitigating issues from the underlying claim when collection of the ensuing judgment is sought under its policy.  *Schmitz,* 337 S.W.3d at 709-10.  The Missouri Supreme Court has recognized what will happen if this rule is not enforced:

> The insured, unwilling to expose itself to liability beyond the insurance policy, will enter into a section 537.065 agreement limiting any collection of damages.  Once the trial court renders its judgment and the plaintiff files an equitable garnishment lawsuit against the insurer, the insurer will challenge the trial court's finding of liability and damages.  Then, the plaintiff will be forced to re-litigate the entire case for the equitable garnishment court so that it can determine whether the judgment was reasonable.  The result [would be] that all insurers would receive "two bites of the apple"—once when the trial court determines liability and damages and once when the equitable garnishment court determines reasonableness.

*Id.* at 709.

CAMICO is using the rubric of fraud as a subterfuge for retrying factual issues that it forfeited the right to try in the first instance.  *Whitehead,* 844 S.W.2d at 482-83; *Schmitz,* 337 S.W.3d at 710.  This Court should recognize that its discovery demands on these issues—whether Mr. Borusiewich was employed by Borusiewich & Cole at the time of the professional negligence at issue in this case, whether that firm received benefit from its relationship with Mr. Borusiewich and his work for Mrs. Ahrens and her family,  whether the settlement terms agreed to by Mr. Borusiewich and the firm after being abandoned by their insurer were reached at arm's length—reflect an intention to try those issues despite their prior resolution after trial on the merits before another court.

LAW OFFICES OF TED F. FRAPOLLI


/s/      Ted F. Frapolli
Ted F. Frapolli, #MO26873/#FED10480
275 N. Lindbergh, Suite F
St. Louis, MO 63141
314-993-4261 phone
314-993-3367 fax
Ted@tffrapollilaw.com

*Attorney for Plaintiffs Borusiewich & Cole, P.C. and Nicholas Borusiewich*

MICHAEL GROSS LAW OFFICE
Michael Gross, #MO23600 Local Court No. 9778
231 S. Bemiston Ave., Suite 250
St. Louis, MO  63105
314.863.5887 – telephone
mgross@grossbriefs.com
*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court on August 22, 2016, to be served upon all counsel of record by operation of the Court's electronic filing system.  In addition one copy of the foregoing was sent via email on August 22, 2016, to each of the following:

Steven H. Schwartz
Lauren B. Harris
Brown & James, P.C.
800 Market St., Ste. 1100
St. Louis, MO 63101-2501
314.421.3128 (facsimile)
sschwartz@bjpc.com
*Attorneys for Defendant*
*Swinburne & Jackson*

Joseph P. O'Keefe
O'Keefe Law, LLC
9939 Gravois Rd.
St. Louis, MO  63123
314.631.1685 (facsimile)
jokeefe@okeefelawllc.com
*Attorneys for Third-Party Defendant*
*Borusiewich and Cole, P.C.*

Noel A. Sevastianos
Sevastianos & Associates, P.C.
120 South Central Ave., Ste. 130
St. Louis, MO 63105-1705
314.862.8050 (facsimile)
Noel@NoelsLaw.com
*Attorneys for Defendants*
*Borusiewich & Borusiewich & Co., P.C.*

/s/      Ted F. Frapolli